GeeeN, Judge,
delivered the opinion of the court:
Plaintiff was and is a post-office clerk at Cleveland, Ohio,, assigned to the distribution of mail, and was required by the postal laws and regulations to take “ case examinations ” for the purpose of determining his qualifications to serve as such clerk. Of this requirement he was duly notified by the proper officials and in order to prepare himself for sucht examination the plaintiff, during the period involved,, devoted twenty-two hours to the work involved. This time' was outside and beyond his regular hours of work at the post office during which no time was available for the purpose of preparing for the examination. Plaintiff now seeks to recover payment for such work on the ground that it was overtime within the meaning of the' law.
We are unable to agree with the plaintiff’s contention. The post office had authority to require him to pass examinations for the purpose of determining whether he was-qualified to fill the position. The law applicable to the case has been in force many years and under it compensation has always been denied for such work as that for which plaintiff now demands pay. Proposals have been made to *57 modify the law and the attention of Congress has been called to the practice of the Post Office Department, but Congress has refused to take any action. We think the action of the Department and the ruling of the Comptroller General are in accordance with the proper construction of the statutes applicable to the question involved, and if there were any doubt about the matter it has been removed by long continued practice during which period Congress has refused to modify the law.
We are not concerned with the rulings of the Post Office Department with reference to a somewhat similar question arising in connection with the services of railway-mail clerks and are not called upon to determine whether such rulings are right or wrong.
The plaintiff’s petition must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; and LittletoN, Judge, concur.
Booth, Chief Justice, took no part in the decision of this case on account of illness.