Thomas E. **ANDERSON** et al.

v.

The **UNITED STATES.**

No. 370-56.

United States Court of Claims.

May 8, 1957.

———◆———

Donald M. Murtha, Washington, D. C., for plaintiffs. Herbert S. Thatcher, Washington, D. C., was on the brief.

Sondra K. Slade, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiffs, employees of the Post Office Department, seek time and one-half overtime pay for time spent by them, off the job, studying for Post Office scheme examinations. In addition, they seek certain sums as reimbursement for amounts paid by them for practice cases and cards designed to assist them in learning the schemes.

Defendant has moved to dismiss the petition for the reason it fails to state a claim upon which relief can be granted.

The questions presented are: (1) whether payment is authorized by law for time spent by Post Office clerks outside their regular hours of duty in preparing for scheme examinations required by Post Office regulations, and (2) whether plaintiffs can be reimbursed for sums paid out for practice cases and cards.

The facts as alleged in the petition are these: Each plaintiff is, and has been at all material times, an employee of the Post Office Department assigned to the distribution of mail, in which either a general or a city scheme distribution is required by the defendant. A general

scheme is a printed list of all post offices in a state and shows how each office is supplied by mail. A city scheme is a list showing routing of city mail to carriers, box sections, stations and branches. Each distributing clerk was required to memorize the items of information contained in said lists and to keep them currently corrected when changes were made by the department. Each clerk when employed was informed that he would be required to maintain a certain degree of proficiency as to accuracy and speed with respect to the schemes that related to his assignment, and that, as to his original assignment, examinations would be given every few months until his ability to perform in accordance with fixed standards was demonstrated. In addition, each plaintiff was informed that after completion of examinations on his initial assignment, he would have to take and pass periodic examinations (usually annual) on sections of the scheme assignment, this examination taking to be repeated continuously.[1]

Passing of the examinations was necessary for the retention of the employee in his distributing clerk's job. Each employee was required to study in order to pass said examinations and the method used was for each clerk to purchase or prepare cards which he threw into appropriate compartments in a practice case which he also purchased. The study is not and cannot be performed during the employee's 8-hour tour of duty at his job. It is for this "off-the-job" practice and study that plaintiffs seek overtime compensation in this suit. The cost of the necessary cards and practice cases is also asked for in the petition.

It is plaintiffs' contention that the time they spent studying for their case examinations, the taking of which is required by the Manual of Instructions for Postal Personnel (1948), chapter III, article 55, is overtime work for which they should be paid time and one-half because it is in excess of the eight hours of work required by section 2 of the Act of July 6, 1945, 59 Stat. 435, 39 U.S.C.A. § 852.

Defendant contends that plaintiffs' claim rests entirely on the 1945 act, *supra*, and that since neither the statute relied on nor any other statute provides overtime compensation for case examination preparation, plaintiffs are not entitled to recover. Defendant further contends that "off-the-clock" time spent in preparing for case examinations is not overtime, and that Congress, aware of the situation for at least 30 years, consistently refused to provide overtime pay, straight pay, time and one-half, or "on-the-clock" study periods for distributing clerks.

This exact situation was before the court in 1933 in the case of Deland v. United States, 77 Ct.Cl. 55, wherein this court held that distributing clerks were

---

1. "Although proficient distributing clerks are absolutely essential to the establishment and maintenance of an efficient postal service and although periodic examinations appear to be, after long years of trial and experience, the only way to insure proficiency, nevertheless the Post Office Department has narrowed the otherwise mandatory requirement of examination passing so that:

"(1) Clerks not called upon to perform any distribution except during the Christmas period should be given a simple primary scheme of distribution, such as is furnished temporary employees for study incident to handling Christmas mails. * * * These employees should be relieved of any other scheme requirements during the remainder of the year. Man-

ual of Instructions for Postal Personnel (1948) Chapt. III, Art. 55(d).

"(2) No clerk shall be examined on any scheme that he is not required to use regularly, either daily, monthly, or at seasonal or peak periods, except that this shall not apply to clerks or substitutes who may be preparing for an assignment. No clerk shall be examined more than once each year on a scheme on which he has qualified. Manual Op. cit., supra (e).

"(3) Clerks past 55 years of age, or who have been in the service for 25 years, are exempt from examinations, but any distributor who permits himself to become inefficient in the performance of his duties shall be required to qualify again by passing a satisfactory scheme examination. Manual Op. cit., supra (j)."

not entitled to compensation for study "off-the-clock" for case examinations, for the reason that Congress had consistently refused to provide such pay and the act involved did not so provide.

Plaintiffs argue that times have changed and the principles of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., are equally applicable to the Postal Pay Act of July 6, 1945, *supra*, and as a result the decision in the Deland case, supra, should be reconsidered and abandoned.

We are unable to agree with plaintiffs' contention. The Act of February 28, 1925, 43 Stat. 1053, 1059, under which plaintiff sued in the Deland case was the predecessor of the Act of July 6, 1945, *supra*, and Congress intended no change other than providing 150 per centum rather than straight overtime. Since this court found that Congress under the 1925 act, *supra*, did not intend to provide for "overtime" pay under a situation exactly like this, and since Congress intended no change in the 1945 act other than as outlined above, we adhere to our former decision in the Deland case. The 1945 act does not authorize or provide for payment of compensation for time spent by plaintiffs in their own homes studying for case examinations.

This is purely a matter for Congress. Congress being aware of the decision in the Deland case, had it wanted distributing clerks to receive overtime pay, such as sued for here, could have very simply so provided. Inasmuch as no provision was made by Congress, we can reasonably assume it did not so intend.

The reason for the failure of Congress to so provide seems obvious to us. There would be absolutely no way for the Post Office Department to check on any overtime, leaving the way open to fraud. Furthermore, such a system would put a premium on stupidity; *i. e.*, a person possessing a greater degree of intelligence would master the system more quickly and thus earn less overtime pay.

As to plaintiffs' second claim for reimbursement for sums paid out for cards and practice cases, we can find no statute, nor is a statute pointed out, authorizing such expenditures. The expenditure not being authorized by law, plaintiffs must also fail on this claim.

Accordingly, defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.